IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **RAKESH KHANDELWAL,** | * |
| | * |
| Plaintiff, | * |
| | * Civil No. TMD 16-2486 |
| v. | * |
| | * |
| | * |
| **NANCY A. BERRYHILL,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION**

On July 5, 2016, Plaintiff Rakesh Khandelwal filed a complaint in this Court under 42 U.S.C. § 405(g) seeking review of the Commissioner's final decision denying his request for waiver of recovery of an overpayment because the Commissioner found that he was not without fault in causing the overpayment. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted. Before the Court are Plaintiff's revised Motion for Summary Judgment (ECF No. 38) and Supplemental Memorandum (ECF No. 42), Defendant's Motion for Summary Judgment (ECF No. 48), and Plaintiff's Reply (ECF No. 49).[2] Plaintiff contends that

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary

substantial evidence does not support the Commissioner's decision. No hearing is necessary. L.R. 105.6. For the reasons that follow, this matter is remanded for further proceedings.

**A.     Standard of Review**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

---

judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

**B.     Discussion**

Plaintiff maintains that the ALJ failed to identify which evidence he found credible and why, but instead stated that he accepted Plaintiff's allegations "as though the claimant's allegations are accurate." Pl.'s Suppl. Mem. 2, ECF No. 42.  Plaintiff argues that, if the ALJ had taken Plaintiff's allegations as accurate, he would have found that Plaintiff had relied upon misinformation, at which point the overpayment would have been waived. *Id.*  Thus, Plaintiff asserts that this case "should be remanded to allow the ALJ to explain why he first stated that he would accept [Plaintiff's] allegations as accurate and then chose not to" do so, and to explain "which of [Plaintiff's] allegations he found were not credible and why." *Id.* at 7.

Here, remand is appropriate.  "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.  The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citation omitted).  "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).  When credibility is a critical factor in determining whether a claimant was without fault, the ALJ is required to state explicitly whether he believed the witness' testimony. *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1044 (2d Cir. 1984); *see Holder v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-666, 2016 WL 447832, at *2-3 (D. Md. Feb. 4, 2016).  Because "the ALJ fails to explain how he could believe [Plaintiff] to be credible and at the same time find him to be at fault," *Fout v. Comm'r of Soc. Sec.*, No. 1:07CV108, 2009 WL 20556, at *7 (N.D.W. Va. Jan. 2, 2009), remand is warranted in this case.

## C. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 48) is **DENIED**. Plaintiff's revised Motion for Summary Judgment (ECF No. 38) is **DENIED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 31, 2018

/s/
Thomas M. DiGirolamo
United States Magistrate Judge